NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| AARON HANDY, | : | |
| | : | Civ. No. 22-5449 (RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN, CUMBERLAND COUNTY DEP'T OF CORR., | : : | |
| | : | |
| Respondent. | : | |

RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE

Petitioner Aaron Handy, a pretrial detainee confined in Bucks County Correctional Facility at the time of filing, filed a "Post-Conviction Relief Motion, in this Court on September 7, 2022.   (Pet., Docket No. 1). Petitioner appears to be seeking post-conviction relief in New Jersey state court, based on his claim of ineffective assistance of counsel under the Sixth Amendment, in connection with his guilty plea in state court in Mays Landing, New Jersey on May 25, 2022. (*Id.*) Petitioner has not paid the $5 filing fee or submitted an IFP application under 28 U.S.C. § 1915. Courts may, however, "dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). This Court construes Petitioner's motion, because it is filed in federal court, as a pretrial habeas petition under 28 U.S.C. § 2241.

This matter is now before the Court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." SECT 2254 Rule 4.

I.     DISCUSSION

Generally, federal habeas corpus is a post-conviction remedy for state prisoners. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975) (citations omitted). Although courts have "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, [courts] should execute jurisdiction "sparingly" to prevent federal pretrial interference of "'the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Unless a detainee presents extraordinary circumstances, district courts should not exercise pretrial habeas jurisdiction without the exhaustion of state court remedies. *Id.*

To exhaust state court remedies, a petitioner must "invoke[e] one complete round of the state's established appellate review process" before he can present his claim to the federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In New

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to cases under 28 U.S.C. § 2241 pursuant to Rule 1(b), the scope of the Rules.

Jersey, one must "first presen[t] the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court." *Lincoln v. Owens*, No. 16-990(RMB), 2016 WL 884641, at *2 (D.N.J. Mar. 8, 2016) (citing *Johnson v. Pinchak*, 392 F.3d 551, 556 (3d Cir. 2004)).

Petitioner seeks post-conviction relief after pleading guilty to a charge(s) in New Jersey state court. There is nothing extraordinary about this claim that requires federal court interference in the state criminal process. Thus, Petitioner must exhaust his state court remedies before seeking habeas relief.

II.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order denying relief from his state court detention unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1), (2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when ... jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not find it debatable that Petitioner must exhaust his state court remedies before seeking habeas relief in federal court on a claim of Sixth Amendment ineffective assistance of counsel at the plea stage. Therefore, a certificate of appealability is denied.

III.   CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition without prejudice because Petitioner has not exhausted his constitutional claim in the states courts, and he has not presented extraordinary circumstances that would justify pretrial habeas relief.

**Dated:   October 3, 2022**

                                               s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**